IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AKILAH E. HATFIELD, | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACT. NO.  3:11CV53-MHT |
| | ) (WO) |
| FRESENIUS MEDICAL CARE DIALYSIS SERVICES, | ) |
|     Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

The plaintiff, Akilah E. Hatfield ("Hatfield"), a former employee of Biomedical Applications, Inc., brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").[1]

On March 10, 2011, the defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), asserting that this case should be dismissed because Hatfield's complaint fails to state a claim upon which relief may be granted. Specifically, the defendant asserts that her complaint is a classic "shotgun pleading" and does not contain factual allegations which are enough to raise a right to relief above the speculative level. In addition, the defendant argues that the complaint should be dismissed because she failed to state her claims in numbered

---

[1] The defendant asserts that the plaintiff incorrectly identified her employer as Fresenius Medical Care Dialysis Services. The defendant indicates that its correct name is "Bio-Medical Applications of Alabama, Inc. d/b/a BMA Opelika, a subsidiary of Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America." (Doc. No. 7, p. 1.)

paragraphs in separate counts. The court has reviewed the plaintiff's complaint and the defendant's motion and concludes that the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be denied.

## II. THE STANDARD OF REVIEW

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in a plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir.2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized

that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. DISCUSSION

Hatfield is a pro se plaintiff. Thus, the court is required to liberally construe Hatfield's complaint. *See Hughes v. Rowe*, 449 U.S. 5 (1980). In her three–page complaint, the plaintiff alleges that she was discriminated against because of her race and gender by subjecting her to differential treatment and a hostile work environment, including bullying

3

and harassment, in violation of Title VII.[2] (Doc. No. 1.) In addition, she asserts that the defendant terminated her employment in retaliation for complaining to management about discriminatory actions taken against her by her supervisors. (*Id*.) She also asserts that she was subjected to defamation of her character and libel. (*Id*.) Although the complaint is not a model of clarity, the court concludes that the plaintiff has adequately asserted claims within that she was subjected to a hostile work environment, including sexual and racial harassment, differential treatment, wrongful termination, and retaliation in violation of Title VII, as well as state law claims of defamation and libel. This court therefore concludes that the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be denied.

### IV.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) be DENIED.    (Doc. No. 7.)

It is further

ORDERED  that the parties are DIRECTED to file any objections to the **on or before June 3, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[2] The plaintiff also attached 92 pages of exhibits to her complaint.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of May, 2011.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE